IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DATASCOPE ANAYLTICS, LLC; HANSEN IP LAW, PLLC; and ROBBIE SIMMONS, Individually and on behalf of class of similarly situated entities,<br>                    Plaintiffs,<br><br>         v.<br><br>COMCAST CABLE COMMUNICATIONS, INC.,<br><br>                    Defendant. | CIVIL ACTION<br><br><br><br>NO. 13-608 |

**DuBois, J.**                                                                                                             **May 17, 2013**

# MEMORANDUM

## I.   INTRODUCTION

Plaintiffs Datascope Analytics, LLC, Hansen IP Law, PLLC, and Robbie Simmons have filed a class action lawsuit seeking to represent a class of Comcast Business Class Service customers who entered into Business Class Services contracts with defendant Comcast Cable Communications, Inc. for voice and/or internet services.  Plaintiffs claim defendant charges Business Class Services customers fees contrary to their contracts, including an Early Termination Fee after the initial service term is completed, and an Internet Equipment Fee in excess of the amount specified in the contracts.  Defendant has moved to dismiss plaintiffs' Class Complaint.  For the reasons that follow, the Court dismisses plaintiffs' Class Complaint for lack of subject matter jurisdiction.

## II.  BACKGROUND

### a.  Prior Litigation

On December 6, 2012, plaintiffs filed a class complaint in the Northern District of Illinois, which was materially identical to the instant Class Complaint.  (Def. Exhibit A.)   Before

plaintiffs filed a motion to certify the class in that case, defendant sent a letter to plaintiffs' counsel dated January 18, 2013 offering full and complete relief for all of plaintiffs' claims.  (Def. Exhibit C.)  Specifically, in the Northern District of Illinois case defendant offered (1) Datascope $635.70, the amount paid for services from the time it alleges it would have cancelled its service until the time it did cancel its service; (2) Hansen IP Law $337.00, the Early Termination Fee it paid; and (3) Robbie Simmons $134.88, the amount he paid for services after he alleged he gave notice of his intent to cancel his account in May 2012, plus $12.00 for the additional $2.00 per month in equipment fees he alleged he was charged from December 2011 until May 2012.  (*Id.*)  Defendant also offered to pay various court costs, fees, and reasonable attorneys' fees.  (*Id.*)  To Hansen IP Law, which was the only current Comcast Business Class Services customer, defendant offered to allow it to terminate the contract without paying an Early Termination Fee.  (*Id.*)  To all three plaintiffs, defendant offered to compensate additional damages, if documented.  (*Id.*)  Finally, defendant offered to cease all collection efforts and agreed to withdraw and/or correct any negative credit reports.  (*Id.*)

On January 31, 2013, plaintiffs voluntarily dismissed the Northern District of Illinois case, pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (Def. Exhibit D.)  On February 1, 2013, defendant emailed plaintiffs' counsel requesting information in order to process payments to plaintiffs, reaffirming its offer of complete relief.  (Def. Exhibit E.)  In response later that day, plaintiffs' counsel refused the offer of settlement and informed defendant that it had filed the instant case in this Court.  (Def. Exhibit F.)

    b.  **Instant Litigation**

On February 1, 2013, plaintiffs filed the Class Complaint in this case, which is identical in all material respects to the one filed in the Northern District of Illinois on December 6, 2012.

(Def. Exhibit A.)   Simultaneously with the filing of the Class Complaint, plaintiffs filed a Motion for Class Certification.   Plaintiffs sought to certify a national class or, alternatively, an Illinois class, a Michigan class, and an Indiana class.   On March 27, 2013, defendant filed the pending Motion to Dismiss.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter...."   Fed. R. Civ. P. 12(b)(1).   In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion attacks the complaint on its face or on its facts.   *Carpet Group Int'l v. Oriental Rug Imps. Ass'n,* 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). "Facial attacks ... contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true."   *Turicentro, S.A. v. Am. Airlines, Inc.,* 303 F.3d 293, 300 n.4 (3d Cir. 2002).   In reviewing a facial attack, a court may rely on documents referenced within the complaint and attached thereto but must view them in the light most favorable to the nonmoving party.   *See Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 & n.6 (3d Cir. 2000); *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).   "In contrast, a trial court considering a factual attack accords plaintiff's allegations no presumption of truth" and "must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings."   *Turicentro,* 303 F.3d at 300 n.4; *see Gould Elecs.,* 220 F.3d at 178 (citing *Mortensen,* 549 F.2d at 891).

In this case, defendant is mounting a factual attack on the Complaint.   Article III of the Constitution of the United States provides that a federal court may exercise jurisdiction only where there is an actual case or controversy to be decided.   *See, e.g., Golden v. Zwickler,* 394 U.S. 103,

108 (1969). Standing is a legal device, the "core component [of which] is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing limits a plaintiff's ability to invoke the jurisdiction of the federal courts. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 489 (1975). As the standing requirement is derived from Article III, it is a threshold inquiry in every case, one for which "[t]he party invoking federal jurisdiction bears the burden" of proof. *Lujan,* 504 U.S. at 561. To meet this burden, the party seeking federal jurisdiction must establish "the irreducible constitutional minimum of standing," which is composed of three elements:

> First, the plaintiff must have suffered "an injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* at 560-61 (internal citations omitted).

**IV.   DISCUSSION**

Defendant makes four arguments in support of its motion to dismiss: (1) the Court lacks subject matter jurisdiction because there is no case of controversy in that defendant offered complete relief to the plaintiffs before the filing of the case, (2) two of the plaintiffs failed to allege their citizenship properly, (3) plaintiffs failed to sufficiently plead a breach of contract claim, and (4) plaintiffs' demand for incidental, consequential, or punitive damages must be stricken. Because the Court concludes that it lacks subject matter jurisdiction, it need not – and indeed, cannot – reach the remaining arguments. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

Defendant's argument that there is no actual case or controversy is based on its January 18, 2013, letter offered full and complete relief to the three plaintiffs, which means the plaintiffs did not suffer "injuries in fact" prior to their filing of this case. With respect to this argument, defendant states that it needed only to moot the individual plaintiffs' claims and did not need to address the potential class claims. Finally, defendant argues that the offer of complete relief to the individual plaintiffs occurred before the filing of both the Class Complaint and the Motion for Class Certification, and therefore the Court lacks subject matter jurisdiction.

Plaintiffs first contend the Court should not consider the prior action because it was voluntarily dismissed without prejudice, and thus plaintiffs are now "in the same position as if the [Illinois action] had never been filed." *See Arrow Drilling Co., Inc. v. Carpenter*, 2004 WL 887399, at *1 n.1 (E.D. Pa. Mar. 16, 2004) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Indeed, they state that they "are not asking the Court to apply the 'relation back' doctrine to any time prior to the filing of the Complaint." (Pl.'s Resp. at 8.) Second, although plaintiffs do not contest defendant's contention that the offer of relief addressed all of their claims, they counter that the offer of relief was incomplete because it did not address the potential class claims.

To sustain a class complaint, a named plaintiff must have "individual standing when the action was brought," or else "she cannot be regarded as a member of the class she sought to represent." *See Davis v. Thornburgh*, 903 F.2d 212, 222 (3d Cir. 1990). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)).

5

The Third Circuit has previously "held a class action may be dismissed when the named plaintiff's claim is rendered moot before filing a motion for class certification." *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004). Recognizing that a defendant may offer the full amount of a named plaintiff's individual claims in order to moot the class complaint before the filing of a certification motion, the Third Circuit has concluded that "[a]bsent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim [sic] that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint." *Id*. at 348. Thus, "[w]hile the mooting of a plaintiff's claim after he has moved for class certification does not preclude him from representing the class, a plaintiff with no initial injury may not choose to represent a class of which he is not part." *Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Gonzales*, 211 F. App'x 91, 96 (3d Cir. 2006).

In this case, it is undisputed that the January 18, 2013 offer of complete relief occurred before the filing of both the Class Complaint and the Motion for Class Certification in this case. Thus, the relation-back rule announced in *Weiss* is inapposite, because it does not apply to events which occurred before the filing of a class complaint.[1]

Plaintiffs' attempts to disregard the prior action in Illinois and to label the offer incomplete for failing to address potential class claims are unavailing. The controversy between the parties ended when defendant offered complete relief on January 18, 2013, and plaintiffs accordingly lacked standing to file the Class Complaint after that offer. Further, defendant is not required to address the potential class claims in order to moot the case. *See Weiss*, 385 F.3d at 342.

---

[1] In any case, the *Weiss* rule does nothing for plaintiffs, because they filed their Motion for Class Certification simultaneously with their Class Complaint, which is, in fact, what the Third Circuit was attempting to avoid by announcing the relation-back rule. *See Weiss*, 385 F.3d at 348 n.19.

Therefore, since plaintiffs' claims were mooted before the filing of the Class Complaint and Motion for Class Certification, the Court lacks subject matter jurisdiction and the Class Complaint must be dismissed.  *See Nat'l Ass'n for Advancement of Multijurisdiction Practice*, 211 F. App'x at 96.

## V.     CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss for lack of subject matter jurisdiction.   An appropriate order follows.